[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13329
Non-Argument Calendar
_____

D.C. Docket No. 4:91-cr-10021-JLK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ROMEU,
a.k.a. Joseito,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 4, 2016)

Before WILLIAM PRYOR, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Jose Romeu appeals pro se the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction under Amendment 782 to the United States Sentencing Guidelines.  On appeal, Romeu argues that the district court failed to sufficiently explain its consideration of the 18 U.S.C. § 3553(a) sentencing factors.  He also argues that the record lacked sufficient specificity regarding the drug quantity for which he was held responsible at sentencing. Finally, he argues that the original sentencing court violated the Ex Post Facto Clause by using the guidelines in effect at the time of his sentencing instead of those in effect at the time the offense was committed.  He alleges that his base offense level should have been 36 instead of 38.

We review the district court's legal conclusions regarding its own authority under the guidelines de novo and its factual findings for clear error.  United States v. Davis, 587 F.3d 1300, 1303 (11th Cir. 2009) (per curiam).  The defendant bears the burden of proving that a retroactive amendment would lower his guideline range.  United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013).  We will liberally construe a defendant's pro se pleadings.  United States v. Webb, 565 F.3d 789, 792 (11th Cir. 2009) (per curiam).

A district court may modify a defendant's term of imprisonment where: (1) the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"; and (2) the sentence reduction "is

2

consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 782 reduced by two levels the base offense levels that apply to most drug offenses. See USSG App. C, Amend. 782 (2014). This change is retroactive as a matter of Sentencing Commission policy, but the Sentencing Commission has announced that a sentence reduction is not consistent with its policy if the amendment at issue "does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B).

A § 3582(c)(2) sentence reduction proceeding is not a de novo sentencing and all the original sentencing determinations made by the district court remain the same, with the exception of the amended guideline range. United States v. Phillips, 597 F.3d 1190, 1198 (11th Cir. 2010). Facts contained in a presentence investigation report ("PSI") are deemed admitted for sentencing purposes unless a party objects to them clearly and specifically at sentencing. See Davis, 587 F.3d at 1303–04. A court deciding a § 3582(c)(2) motion may thus rely on the undisputed facts in the PSI that were admitted at the original sentence proceeding.

Upon careful review of the record and consideration of the parties' briefs, we affirm. As an initial matter, the district court could not grant Romeu relief on his alleged Ex Post Facto Clause violation. Because a § 3582(c)(2) proceeding is not a de novo resentencing, all original sentencing determinations remain unchanged except for the amended guideline range. See Phillips, 597 F.3d at 1198.

3

The district court did not have the "jurisdiction to consider extraneous resentencing issues" such as this claim in the § 3582(c)(2) sentence reduction proceeding. United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000).

Romeu bears the burden of establishing that Amendment 782 lowered his guideline range. Hamilton, 715 F.3d at 337. He has not offered evidence that the drug quantity attributed to him at his original sentencing would result in a reduced guideline range under Amendment 782. Though his PSI set forth that the offense involved drugs in an amount equal to 767,773 kilograms of marijuana, Romeu objected at his original sentencing to the drug quantity and suggested he should be held accountable for only an amount equal to 169,878 kilograms of marijuana. It is not clear from the record which amount the original sentencing court relied on to sentence Romeu. Unfortunately for Romeu, it makes no difference.

Even if the sentencing court granted Romeu's objection and held him accountable for 169,878 kilograms of marijuana, that amount is above the 90,000-kilogram threshold necessary to trigger the highest base offense level of 38 under Amendment 782. USSG § 2D1.1(c)(1). That means Romeu's base offense level would not be different even after Amendment 782. The district court thus lacked authority to reduce Romeu's sentence. Id. § 1B1.10(a)(2)(B).

Romeu's argument that the district court failed to explain its consideration of the § 3553(a) factors also fails. Where a district court recognizes that it has no

4

authority to reduce a sentence under § 3582(c)(2), it does not need to examine the

§ 3553(a) factors.  See Webb, 565 F.3d at 793.  We therefore affirm the district

court's denial of Romeu's motion to reduce his sentence.

**AFFIRMED.**

5