[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12686
Non-Argument Calendar
_____

D.C. Docket No. 4:91-cr-10021-JLK-1


UNITED STATES OF AMERICA,

                                                          Plaintiff-Appellee,

versus

JOSE ROMEU,

                                                          Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 8, 2019)

Before MARTIN, BRANCH, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Jose Romeu, who is proceeding pro se, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for sentence reduction under Amendment 599 to the United States Sentencing Guidelines.  He also appeals the district court's order declining to reconsider the denial of his motion for sentence reduction under Amendment 782.  After careful review, we affirm.

## I.

In 1995, a jury convicted Romeu of one count of conspiracy to possess with intent to distribute marijuana and cocaine, one count of possession with intent to distribute marijuana, one count of possession with intent to distribute cocaine, and one count of attempt to possess with intent to distribute cocaine.  Following the verdict, the Probation Office prepared a Presentence Investigation Report ("PSI") applying the 1994 U.S. Sentencing Guidelines.

The PSI indicated that Romeu's offenses involved approximately 61,600 pounds of marijuana and approximately 3,700 kilograms of cocaine.  Under the Guideline calculation, this converted to a total of 767,773 kilograms of marijuana.  This, in turn, led to a base offense level of 38 under the 1994 Sentencing Guidelines, as did any offense involving the equivalent of 30,000 kilograms or more of marijuana.  See United States Sentencing Guidelines § 2D1.1(c)(1) (1994).  Romeu's offense level was then enhanced two levels under § 2D1.1(b) because members of the conspiracy carried firearms to protect the narcotics from theft.  His

offense level was also enhanced four levels for his leadership role and an additional two levels for obstruction of justice. With all three enhancements, Romeu's adjusted offense level was 46. Yet the Guidelines provided that Romeu be sentenced as if his offense level was 43. See USSG § 5A1.1, comment n.2 (1994) ("A total offense level of more than 43 is to be treated as an offense level of 43."). Based on a total offense level of 43 and a criminal history category of I, his guideline range was life imprisonment. See USSG ch. 5, pt. A (1994) (sentencing table).

Romeu objected to the amount of narcotics used to calculate his base offense level. He asserted "the correct amount of narcotics should be 169,878 kilograms of marijuana." Ultimately, the District Court imposed a sentence of life imprisonment.

In December 2014, Romeu moved under 18 U.S.C. § 3582(c)(2) for a reduction in his sentence based on Amendment 782 to the United States Sentencing Guidelines. Amendment 782 reduced by two levels the base offense levels for some drug offenses. USSG App. C, Amend. 782, § 1B1.10(a)(1) (Supp. 2014). Specifically, Amendment 782 provides that "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the

3

defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)."

However, Amendment 782 expressly excluded defendants for whom a Guideline

amendment "does not have the effect of lowering the defendant's applicable

guideline range." U.S.S.G. App. C, Amend. 782, § 1B1.10(a)(2)(B) (Supp. 2014).

Because Amendment 782 would not have the effect of lowering his

Guideline range, the district court denied Romeu's motion. Romeu filed a notice

of appeal with this Court and then days later filed a motion asking the district court

to reconsider its order. The district court denied Romeu's motion for

reconsideration. Later, this Court affirmed the denial of Romeu's motion to reduce

his sentence. United States v. Romeu, 639 F. App'x 622, 623 (11th Cir. 2016) (per

curiam) (unpublished).

In February 2018, Romeu filed another motion for sentence reduction under

18 U.S.C. § 3582(c)(2), this time under Amendment 599 to the U.S. Sentencing

Guidelines. Amendment 599 provides that when a defendant has been convicted

of both a drug trafficking offense and possession of a firearm in connection with

that drug trafficking offense in violation of 18 U.S.C. § 924(c), a sentencing court

should not apply a firearm enhancement in calculating the Guideline range

applicable to the drug offense. See United States v. White, 305 F.3d 1264, 1266–

67 (11th Cir. 2002) (per curiam). Romeu argued Amendment 599 rendered

inapplicable his two-level sentence enhancement under USSG § 2D1.1(b).

4

Romeu's motion also once again asked the district court to reconsider its denial of his prior motion for a sentence reduction under Amendment 782.

A magistrate judge recommended Romeu's motion be denied. After reviewing the record, the district court adopted the report and recommendation and denied Romeu's motion for a sentence reduction. This is Romeu's appeal.

## II.

We review de novo the scope of a district court's authority to reduce a sentence under 18 U.S.C. § 3582. United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002) (per curiam). We review a district court's denial of a motion for reconsideration for abuse of discretion. United States v. Simms, 385 F.3d 1347, 1356 (11th Cir. 2004).

## III.

Romeu contends the district court erred as a matter of law when it rejected his motion for a reduction of his sentence based on Amendment 599. He argues Amendment 599 reduced the term of imprisonment for his offenses and he therefore deserves a reduction of his sentence under 18 U.S.C. § 3582(c)(2).

Romeu is mistaken. Amendment 599 applies only to defendants who were convicted of both a drug trafficking offense and the § 924(c) offense of possession of a firearm in connection with the drug trafficking. The Amendment was intended to avoid "punish[ing] twice the same wrong of possessing a firearm in

connection with the underlying felony of drug trafficking." United States v. Brown, 332 F.3d 1341, 1346 (11th Cir. 2003). Because Romeu was not convicted of possessing a firearm in connection with a drug offense, he was not doubly punished for possessing a firearm. Rather, Romeu's sentence was enhanced under U.S.S.G. § 2D1.1(b) because members of the conspiracy he participated in carried firearms to protect the narcotics from theft. Amendment 599 did not have the effect of lowering his Guideline range. The district court therefore correctly concluded Romeu is not eligible for a sentence reduction based on the amendment.

## IV.

Romeu also argues the district court abused its discretion by declining to reconsider his request for sentence reduction under Amendment 782. He disputes that the PSI and other record evidence established the amount of drugs attributable to him.

As the government asserts, Romeu's argument is foreclosed by the law-of-the-case doctrine. Under the law-of-the-case doctrine, "[a]n appellate decision binds all subsequent proceedings in the same case not only as to explicit rulings, but also as to issues decided necessarily by implication on the prior appeal." United States v. Tamayo, 80 F.3d 1514, 1520 (11th Cir. 1996). Thus, "an appellate decision on an issue must be followed in all subsequent trial court proceedings unless the presentation of new evidence or an intervening change in the controlling

law dictates a different result, or the appellate decision is clearly erroneous and, if implemented, would work a manifest injustice." Piambino v. Bailey, 757 F.2d 1112, 1120 (11th Cir. 1985).

A prior panel concluded Romeu had not met his burden of establishing that Amendment 782 lowered his Guideline range. See Romeu, 639 F. App'x at 623. The record, the panel explained, showed that at the time of Romeu's sentencing, he conceded he should be held responsible for the equivalent of 169,878 kilograms of marijuana. Id. Because a base offense level of 38 applies to any amount of narcotics above 90,000 kilograms, Romeu would have had the same base offense level even if the sentencing court granted his objection. See USSG § 2D1.1(c)(1); see also Romeu, 639 F. App'x at 623. Romeu did not present any new evidence, show an intervening change in the controlling law, or show that implementing the panel's decision would work a manifest injustice. The district court was therefore bound by the prior panel's determination. We conclude the district court did not abuse its discretion in denying Romeu's request for reconsideration.[1]

---

[1] Romeu also argues the magistrate judge violated his Fifth and Sixth Amendment rights to due process. Specifically, he contends the magistrate judge issued a report and recommendation before he submitted his reply to the government's opposition to his motion. The magistrate judge then re-issued the same report and recommendation after Romeu filed his reply. "Procedural due process requires only an opportunity to be heard at a meaningful time and in a meaningful manner." Bush v. Sec'y, Fla. Dep't of Corr., 888 F.3d 1188, 1196 (11th Cir. 2018) (quotation marks omitted). Here, the district court made clear it reviewed the full record—which included Romeu's reply—before considering and deciding to adopt the magistrate judge's report and recommendation. Given that the district court considered Romeu's reply before resolving his motion, we cannot say Romeu was denied due process.

**AFFIRMED.**

8